IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-324-CR




SAMUEL JEFFERSON KENDALL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 42,134, HONORABLE RICK MORRIS, JUDGE PRESIDING


 





PER CURIAM


 A jury found appellant guilty of aggravated assault. Tex. Penal Code Ann. § 22.02
(West 1989 & Supp. 1993). The court assessed punishment at imprisonment for seven years,
probated.

 Reynaldo Martinez testified that during an argument in appellant's apartment,
appellant pulled a pistol from under a pillow on his couch, pointed it at Martinez, and threatened
to kill him. The police officer called to the scene testified that when he turned on the light in
appellant's apartment, he also turned on the ceiling fan. As the fan began to turn, a loaded pistol
fell from it. At trial, Martinez identified this pistol as the weapon appellant pointed at him. 

 Appellant's wife testified that appellant and Martinez argued, but that appellant did
not point a pistol at Martinez or threaten to kill him. She identified the pistol in question as
belonging to her, and said that she and appellant always kept it on the blade of the ceiling fan
(which they never turned on). She further testified that appellant did not keep this or any other
pistol under a pillow on the couch.

 Appellant's only point of error is that the district court erred by overruling his
motion for new trial on the ground that the jury received other evidence after retiring to
deliberate. Tex. R. App. P. 30(b)(7). To mandate a new trial, the "other evidence" must (1) be
received by the jury and (2) be detrimental to the defendant. Hunt v. State, 603 S.W.2d 865, 868
(Tex. Crim. App. 1980). 

 Attached to appellant's motion for new trial was an affidavit by a private
investigator who interviewed the foreman of appellant's jury. According to the affidavit, the
foreman confirmed that several members of the jury "investigated the facts of the case about
hanging their guns from the ceiling fans and then in turn discussed their findings during
deliberations with the other jurors." After considering the motion, the affidavit, and the
arguments of counsel, the court overruled the motion for new trial without hearing testimony. 
The court stated that the facts recited in the affidavit, if true, did not entitle appellant to a new
trial.

 We will assume that the facts stated in the affidavit are true. We will further
assume, as did the parties at the hearing below, that the experimenting jurors found that a pistol
placed on a ceiling fan blade falls off when the fan is turned on. So assuming, we conclude that
the court did not abuse its discretion by overruling the motion for new trial. The manner in which
the police officer discovered appellant's pistol was not significant to the State's case. Appellant's
wife, called by the defense, testified that the pistol was kept on the fan. The jurors' experiments
confirmed an undisputed fact of no relevance to appellant's guilt, and thus did not constitute other
evidence detrimental to appellant. See Freeman v. State, 838 S.W.2d 772, 777-78 (Tex.
App.--Corpus Christi 1992, pet. ref'd) (statements by jurors confirming a relevant but undisputed
fact based on their own experience were not detrimental to defendant). The point of error is
overruled.

 The judgment of conviction is affirmed.



Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: January 12, 1994

Do Not Publish